## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**ELEANOR BOSCH,**

**Plaintiff,**

**v.**

**PFIZER, INC.,**

**Defendant.**

**Case No.: 08-CV-0563-DWF/RLE**

**DEFENDANT PFIZER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**Jury Trial Demanded**

---

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

### I.
### PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

### II.
### ORIGINAL ANSWER

#### Response to Allegations Regarding Jurisdiction and Venue

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs. Defendant denies the remaining allegations in this paragraph of the Complaint.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, denies the same.  Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States, including Minnesota, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies having committed a tort in the State of Minnesota, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Parties

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

4.      Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant admits that it does business in the State of Minnesota.  Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

5.      Defendant admits that Bextra® is the trade name for valdecoxib.  Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining allegations in this paragraph of the Complaint.

6.      Defendant admits that Bextra® was approved by the FDA, on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining allegations in this paragraph of the Complaint.

7.      Defendant states that the referenced studies speak for themselves and respectfully refers the Court to the studies for their actual language and full text.  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

9.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

10.    Defendant states that the referenced Pfizer press release speaks for itself and respectfully refers the Court to the press release for its actual language and full text. Any attempt to characterize the press release is denied. Defendants the remaining allegations in this paragraph of the Complaint.

11.    Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendant denies the remaining allegations in this paragraph of the Complaint.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

13.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

15.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

16.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

17.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

18.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

19.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

20.      Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability – Failure to Warn**

21.      Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

22.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

23.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

24.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

25.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

**Response to Third Cause of Action: Strict Liability – Design Defect**

26.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

28.     Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

30.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

31.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

32.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

33.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

34.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

35.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

36.     Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

37.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

38.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Negligent Failure to Warn**

39.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

40.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

41.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

42.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

43.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

### Response to Fifth Cause of Action: Negligence Per Se

44.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

45.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

46.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

47.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

### Response to Sixth Cause of Action: Misrepresentation and Suppression

48.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

49.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

50.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint, including al subparts.

51.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

52.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

53.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which

was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

54.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

55.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

56.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused

Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

57.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

58.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

**Response to Seventh Cause of Action: Breach of Warranty**

59.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

60.    Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

62.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

63.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

64.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: Breach of Express Warranty**

65.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

66.    Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

68.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

<u>**Response to Ninth Cause of Action: Fraud**</u>

69.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that

the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

72.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

### Response to Tenth Cause of Action: Violation of the False Advertising Act, Consumer Fraud Act, Unlawful Trade Practices Act, and Uniform Deceptive Trade Practices Act

73.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

74.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

75.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

76.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Eleventh Cause of Action: Unjust Enrichment

77.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

78.    Defendant denies the remaining allegations in this paragraph of the Complaint.

79.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

80.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Prayer for Relief**

81.     Answering the unnumbered paragraph entitled "Prayer for Relief," Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.
### GENERAL DENIAL

Defendant denies the allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.
### AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

**First Defense**

1.     The Complaint fails to state a claim upon which relief can be granted

**Second Defense**

2.     Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.     At all relevant times, Defendant provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

### Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendant.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use, and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendant or persons acting on Defendant's behalf after the product left the control of Defendant.

### Seventeenth Defense

17.    Plaintiff's alleged injuries/damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug, and Cosmetics Act, 21 U.S.C. § 301 et seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred, in whole or in part, by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred, in whole or in part, because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred, in whole or in part, because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Minnesota,  and would additionally violate

Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Minnesota law, including, but not limited to, Minn. Stat. § 549.191 (2006).

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.     Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the State of Minnesota.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and

instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

## Forty-first Defense

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

## Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

## Forty-third Defense

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

## Forty-fourth Defense

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, illnesses, subsequent medical conditions, or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

## Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

## Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

## Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards, and regulations established, adopted, promulgated, or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

## Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

## Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

## Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

## Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the Plaintiff and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.     Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.     Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.     Plaintiff's claim for punitive damages is barred pursuant to Minn. Stat. § 549.191.

### Fifty-sixth Defense

56.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

## V.
## JURY DEMAND

Defendant hereby demands a trial by jury.

## VI.
## <u>PRAYER</u>

WHEREFORE, Defendant prays that Plaintiff takes nothing by this suit, that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Dated:  August 4, 2008

FAEGRE & BENSON LLP

*s/ Joseph M. Price*

Joseph M. Price, # 88201
Erin M. Verneris # 0335174
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
T (612) 766-7000
F (612) 766-1600

*Attorneys for Defendant Pfizer Inc.*

fb.us.3111313.01